1   MITCHELL SILBERBERG & KNUPP LLP
    SETH E. PIERCE (SBN 186576) sep@msk.com
2   SANDRA HANIAN (SBN 305983) s3h@msk.com
    2049 Century Park East, 18th Floor
3   Los Angeles, CA  90067-3120
    Telephone: (310) 312-2000
4   Facsimile: (310) 312-3100

5   Attorneys for Defendant
    Fox News Network, LLC

6

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  ELKA WORNER,                          CASE NO. 2:22-cv-658

12          Plaintiff,                    **DEFENDANT FOX NEWS
                                          NETWORK, LLC'S NOTICE OF
13      v.                                REMOVAL**

14  FOX NEWS NETWORK, LLC, a              (Removed from Los Angeles Superior
    business entity, form unknown; and    Court Case No. 21STCV33290)
15  DOES 1 through 100, inclusive,
                                          (Diversity Jurisdiction:
16          Defendants.                   28 U.S.C. §§ 1332, 1441, and 1446)

17                                        [Civil Cover Sheet, Declarations of
                                          Seth E. Pierce and Joseph Ahn,
18                                        Certificate of Interested Parties and
                                          Corporate Disclosure Statement
19                                        Pursuant to FRCP 7.1 and Local Rule
                                          7.1-1 filed concurrently herewith]
20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

13885388.4

DEFENDANT FOX NEWS NETWORK, LLC'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ELKA WORNER AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on this date, based on the allegations of the Complaint of Plaintiff Elka Worner ("Plaintiff"), Defendant Fox New Network, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332(a) and 1441. The removal of this action terminates all proceedings in the Los Angeles Superior Court. *See* 28 U.S.C. § 1446(d). Defendant's removal of this action is proper for the reasons set forth below.

1.      On or about September 9, 2021, Plaintiff filed a Complaint entitled *Elka Worner v. Fox News Media, a business entity, form unknown; Fox News Network, LLC, a business entity, form unknown; Fox Business Network, a business entity, form unknown, Fox News Channel, a business entity, form unknown; Fox Corporation, a business entity, form unknown, and DOES 1 through 100, inclusive*, Case No. 21STCV33290, in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").  The initial State Court Action Complaint was never served.

2.      On or about December 10, 2021, Plaintiff filed a First Amended Complaint ("FAC"), which dismissed all of the defendants (without prejudice), save one – Defendant, Plaintiff's former employer.[1]  Defendant executed an acknowledgment of service of the FAC on January 3, 2022.

3.      Plaintiff's FAC alleges the following causes of action against Defendant: (1) Age and Gender Discrimination and (2) Wrongful Termination in Violation of Public Policy.

---

[1] Note:  Fox News Media, Fox Business Network, and Fox News Channel are not legal entities.

4.    <u>Copies of All Process, Pleadings and Orders:</u> Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, orders and other papers or exhibits of every kind available to Defendant are attached here, as follows:

- **Exhibit 1:** Summons filed by Plaintiff on September 9, 2021.
- **Exhibit 2:** Civil Case Cover Sheet filed by Plaintiff on September 9, 2021.
- **Exhibit 3**: Complaint filed by Plaintiff on September 9, 2021.
- **Exhibit 4:**  All other documents issued in the case in September 2021, as follows: (a) First Amended General Order; (b) Voluntary Efficient Litigation Stipulations; (c) Alternative Dispute Resolution Information Packet; (d) Notice of Case Assignment; and (e) Notice of Case Management Conference.
- **Exhibit 5**: Summons as to FAC filed by Plaintiff on December 10, 2021.
- **Exhibit 6**: FAC filed by Plaintiff on December 10, 2021.
- **Exhibit 7**: Request for Dismissal filed by Plaintiff on January 3, 2022.
- **Exhibit 8**:  Answer to the FAC filed and served by Defendant on January 27, 2021.

*See* Declaration of Seth Pierce, filed concurrently herewith ("Pierce Decl.") ¶¶ 2-10.

5.    Defendant is informed and believes, and thereon alleges, that no "Doe" defendants have been served with a Summons and/or the FAC in the State Court Action.  *See* Pierce Decl. ¶ 11.  Accordingly, this action may be removed by Defendant to federal court pursuant to 28 U.S.C. Section 1441.

## **Removal Is Timely**

6.    This Notice of Removal has been filed within thirty (30) days after service of the FAC (January 3, 2022) and, therefore, is timely pursuant to 28 U.S.C.

Mitchell
Silberberg &
Knupp LLP

13885388.4

Section 1446(b). *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48 (1999); *Harper v. Little Caesar Enterprises, Inc.*, Case No. 1801564, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018).

<u>**Removal Pursuant to Diversity Jurisdiction**</u>

7.      This Court has original jurisdiction of this action under 28 U.S.C. Section 1332. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity of citizenship exists, as described below:

8.      <u>Plaintiff's Citizenship</u>. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, *inter alia*, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

9.      Plaintiff alleges that at all relevant times, including the date the State Court Action was filed, she was a resident of the State of California.  *See* FAC, ¶ 9.

10.      Based on Plaintiff's stated residence, Plaintiff is a citizen of California.

11.      Moreover, Plaintiff filed the instant FAC in the Superior Court of the State of California in Los Angeles County, further availing herself to California's

1     judicial resources and indicating her intent to remain in California.  *See* FAC, *in*

2     *passim.*

3          12.    <u>Defendant's Citizenship</u>. A limited liability company ("LLC") is a

4     citizen of every state of which its members are citizens.  *See*, *e.g.*, *Johnson v.*

5     *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We . . . join

6     our sister circuits and hold that, like a partnership, an LLC is a citizen of every state

7     of which its owners/members are citizens.").  For diversity analysis, it is not relevant

8     where an LLC is incorporated or where it has its principal place of business.  *See*,

9     *e.g.*, *Alatorre v. Wastequip Mfg. Co., LLC*, 2012 WL 6628955, at *4 (E.D. Cal.

10    December 19, 2012) ("LLC's citizenship is . . . determined not by reference to its

11    principal place of business and state of incorporation . . . but by citizenship of its

12    owners and members.").

13         13.    For purposes of removal, diversity of citizenship is determined at the

14    time the action is filed and at the time of removal. *See Strotek Corp. v. Air*

15    *Transport Ass'n of America,* 300 F.3d 1129, 1131-32 (9th Cir. 2002).

16         14.    Defendant was at the time of filing of this action, and is now, a limited

17    liability company organized under the laws of the State of Delaware. *See*

18    Declaration of Joseph Ahn, filed concurrently herewith ("Ahn Decl.") ¶ 4.

19    Defendant is headquartered in New York, New York, and conducts and directs all

20    critical operations from its New York headquarters.  *Id.* ¶ 2.

21         15.    Defendant's sole member is Fox Television Stations, LLC, a limited

22    liability company organized under the laws of the State of Delaware.  *Id.* ¶ 4.

23         16.    The sole member of Fox Television Stations, LLC is Fox Television

24    Holdings, LLC, a limited liability company organized under the laws of the State of

25    Delaware.  *Id.* ¶ 5.

26         17.    The sole member of Fox Television Holdings, LLC, is Foxcorp

27    Holdings LLC, a limited liability company organized under the laws of the State of

28    Delaware.  *Id.* ¶ 6.

18.     The sole member of Foxcorp Holdings LLC is Fox Corporation, which is incorporated in Delaware and has its principal place of business in New York.  *Id.* ¶¶ 7-8.

19.     Accordingly, for purposes of determining diversity, Defendant is regarded as a citizen of Delaware and New York.

20.     The fictitious defendants named in the Complaint as DOES 1-100 are disregarded for the purposes of removal, in accordance with 28 U.S.C. Section 1441(a).

21.     Therefore, Plaintiff and Defendant are citizens of different States.

22.     <u>Amount in Controversy</u>. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002).  The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute.  *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).

23.     Defendant's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The standard for determining whether Defendant meets its burden of establishing the amount in controversy is the preponderance of the evidence.  *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014).  Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant

has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

24.     Here, the Court can reasonably ascertain from Plaintiff's FAC and her prayer for relief that the amount in controversy exceeds $75,000.  Plaintiff seeks, among other things, "general damages," "special and compensatory damages," "punitive damages," and "attorneys' fees."  FAC Prayer For Relief.  Without admitting the validity of Plaintiff's two (2) causes of action (both of which are expressly denied by Defendant), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Defendant meets its burden based on the following:

25.     <u>Economic Damages</u>: The FAC alleges that "Plaintiff lost, and will continue to lose, income and benefits…"  FAC, ¶¶ 52 and 58.  Plaintiff further alleges in her FAC that at the time of her termination, she received "an annual salary of $100,812.00."  FAC, ¶ 40(a).

26.     Plaintiff worked as a producer for entities affiliated with or previously affiliated with Defendant for twenty-two years.  FAC, ¶ 35. Plaintiff alleges that on September 16, 2020, Defendant wrongfully terminated her employment.  *Id*.

27.     In establishing that the amount in controversy likely exceeds the jurisdictional minimum, a defendant is permitted to calculate the likely back pay award from the date of the termination until the date of likely judgment.  *See Garcia v. ACE Cash Express, Inc*., 2014 WL 2468344, *4 (C.D. Cal. May 30, 2014) (it was proper for the defendant to calculate back pay at issue by calculating wages in "months between termination and removal…and adding wages for the estimated time between removal and trial"); *James v. Childtime Childcare, Inc*., 2007 WL 1589543, *2, n.1 (E.D. Cal. Jun 1, 2007) (Plaintiffs "erroneously assumes that the court includes only those wages lost before removal when calculating the amount in controversy. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

28.     Here, as of the most recent reported data in September 2020, the median time from the filing of a complaint until trial in the Central District of California is 20 months.  *See* United States Courts Statistics, https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-september-2020.  With a removal of January 28, 2022, that would mean an estimated trial date in August 2023.  At Plaintiff's salary, Plaintiff's back pay claim from September 2020 through August 2023 would plainly exceed $75,000.  Indeed, as Plaintiff alleges no mitigation, Plaintiff's existing back pay claim (through the date of removal) already exceeds the jurisdictional minimum.

29.     Accordingly, Plaintiff's claims for lost wages alone exceeds $75,000.

30.     <u>Emotional Distress.</u>  Plaintiff also alleges emotional distress damages.  Plaintiff alleges that "[a]s a direct result of the aforesaid acts of Defendant[], Plaintiff has become mentally upset, distressed, aggravated, depressed, and has suffered, and will continue to suffer, humiliation, anxiety, embarrassment and mental and/or emotional distress."  FAC, ¶¶ 53 and 59.

31.     "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases."  *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).  Jury verdicts in employment discrimination cases make clear that emotional distress is frequently awarded in an amount at least twice the underlying economic damages, or, at the very least, in the same amount as economic damages.  *See Saccio v. Romasanta*, 2016 WL 7118673 Case No. 15CV00672, Superior Court, Santa Barbara County (November 22, 2016) (in age discrimination action, jury awards $75,000 in non-economic damages, but less than $70,000 in economic damages); *Abe v. Symantec Corporation*, 2016 WL 6883223 Case No. BC547652, Superior Court, Los Angeles County (July 22, 2016) (verdict in pregnancy, gender and disability discrimination case for $50,000 in "pain and suffering," but only $25,003 in back-pay); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in

emotional distress damages in employment discrimination case where back pay was only $5,612); *Escoto v. Metric Machining*, 2013 WL 9554716, Case No. CIVRS-12-06532, Superior Court, San Bernardino County (Nov. 14, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and age discrimination case for $55,000 in "pain and suffering," but only $12,000 in back pay); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243, Case No. BC486877, Superior Court, Los Angeles County (Sept. 26, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and retaliation case for $80,000 in "noneconomic damages," but only $40,000 in economic damages); *Cho v. B & B Pharmacy and Healthcare Center*, 2011 WL 8227178, Case No. VC055584, Superior Court, Los Angeles County (July 13, 2011) (verdict in wrongful termination, pregnancy discrimination, and harassment case for $75,000 in "noneconomic loss," but only $37,500 in economic damages); *Husein v. Selma Unified School District*, 2010 WL 8672016, Case No. 08CECG03528, Superior Court, Fresno County (Oct. 26, 2010) (verdict in wrongful termination and racial discrimination case for $110,000 in past and future "noneconomic damages," but about $70,000 in economic damages); *Perona v. Time Warner Cable, Inc.*, 2016 WL 6440427, Case No. 5:14CV02501, Central District of California (Sept. 8, 2016) (verdict in disability discrimination and failure to accommodate case for $80,000 in "noneconomic damages," and $80,000 in economic damages).

32. <u>Attorneys' Fees</u>. Plaintiff seeks attorneys' fees authorized by Government Code 12965(b). FAC, Prayer for Relief; *see also* FAC, ¶ 54. Accordingly, those fees may be considered when determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-1011

(N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred through resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."). While Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiffs could incur in the course of this matter may exceed the damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

33. Even an overly conservative $50,000 estimate for Plaintiff's attorneys' fees in this matter would be sufficient to surpass the jurisdictional limit when added to Plaintiff's economic damages.

34. <u>Punitive Damages.</u>  Plaintiff also expressly seeks to recover punitive damages.  FAC, Prayer for Relief; *see also* FAC, ¶¶ 55 and 60.

35. The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009.  California statutory law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

36. Plaintiff also seeks open-ended relief in the form of "other and further relief as the Court may deem proper."  FAC, Prayer for Relief.  Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D.

Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.)

37.     Defendant denies that Plaintiff's claims have any merit.  Defendant also denies that Plaintiff suffered any damages.  However, when the relief sought (i.e., back pay, front pay, emotional distress, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

38.     Based upon the foregoing, the amount in controversy in this matter far exceeds the jurisdictional minimum of $75,000.  Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

## **Venue**

39.     Removal to this Court is proper under 28 U.S.C. Section 1441 because the Complaint was filed in the Superior Court of the State of California for the County of Los Angeles, and this U.S. District Court for the Central District of California - Western Division is the U.S. District Court for the district and division within which this action is pending.

40.     A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles and served upon all adverse parties as required by 28 U.S.C. Section 1446(d), and an appropriate notice of compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the above-entitled Court.

Mitchell
Silberberg &
Knupp LLP

13885388.4

**DEFENDANT FOX NEWS NETWORK, LLC'S NOTICE OF REMOVAL**

1    WHEREFORE, Defendant Fox News Network, LLC respectfully requests

2  that this action be removed from the Superior Court of the State of California for the

3  County of Los Angeles, to the above-entitled Court.

4

5  DATED: January 31, 2022                    Respectfully submitted,

6                                             MITCHELL SILBERBERG & KNUPP LLP
                                             SETH E. PIERCE
7                                             SANDRA HANIAN

8

9  By: _____.
                                             Seth E. Pierce
10                                            Attorneys for Defendant
                                             Fox News Network, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28