Victor L. George, State Bar No. 110504
Meylin P. Alfaro, State Bar No. 315177
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd, First Floor
Torrance, California 90503
Telephone:  (310) 698-0990
Facsimile:  (310) 698-0995
E-mail:  vgeorge@vgeorgelaw.com
          malfaro@vgeorgelaw.com

*Attorneys for Plaintiff*
ELKA WORNER

Seth E. Pierce, Esq., State Bar No. 186576
Louise Truong, Esq., State Bar No. 293811
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100
Email:  sep@msk.com
         ltt@msk.com

*Attorneys for Defendant*
FOX NEWS NETWORK, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELKA WORNER,<br><br>         Plaintiff,<br><br>   v.<br><br>FOX NEWS NETWORK, LLC, a business entity, form unknown; and DOES 1 through 100, inclusive,<br><br>         Defendants. | Case No. 2:22-cv-00658-MWF(PVCx)<br>[Assigned to the Hon. Michael W. Fitzgerald, Courtroom 5A]<br><br>**JOINT RULE 26(f) SCHEDULING REPORT**<br><br>Scheduling Conference:<br><br>Date:  May 16, 2022<br>Time:  11:00 a.m.<br>Crtrm:  5A<br><br>Complaint Filed:  September 9, 2021<br>Trial Date:         None Set. |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP") and the Court's March 22, 2022 Order Setting Scheduling Conference (the "Scheduling Order"), Plaintiff ELKA WORNER ("Plaintiff") and Defendant FOX NEWS NETWORK, LLC ("Defendant") (collectively, the "Parties") respectfully submit this Joint Scheduling Report.

On April 15, 2022, counsel for Plaintiff, Meylin P. Alfaro, met and conferred with counsel for Defendant, Louise Truong, Esq., and discussed the matters required by FRCP Rule 26(f), the Central District Local Rules, and the Court's Scheduling Order.

## I.   STATEMENT OF THE CASE

### A.   Plaintiff's Statement

Plaintiff has continually worked for Defendant FOX for the past twenty-two (22) years, beginning her employment with Defendant in 1998 as a FOX NEWS CHANNEL producer. On September 16, 2020, Plaintiff was then fifty-eight (58) years of age and fired without any warning (written or oral), probation, Performance Improvement Plan ("PIP"), etc.

On August 17, 1998, Plaintiff was hired as a producer in Defendant's FOX NEWS CHANNEL Los Angeles bureau. Plaintiff would cover stories throughout the State of California, as well as throughout the world. In September 2007, Plaintiff joined the newly launched FOX BUSINESS NETWORK.

At approximately 5:00 a.m. on September 16, 2020, Plaintiff received an "out of the blue" Zoom invitation for an 11:30 a.m. meeting from FOX BUSINESS NETWORK President, Lauren Petterson, with the subject line "Touching Base." This is the first time Plaintiff was going to meet Ms. Petterson. Plaintiff initially thought that she was going to be assigned a new reporter since she had been working without a reporter for months. She later realized that there would be a representative from Human Resources on the meeting. After twenty two (22) years

on the job, Plaintiff was suddenly, bluntly told by Ms. Petterson that "We have some bad news. We are eliminating your position."

In the past, when shows like "Lou Dobbs Tonight" and "Trish Regan Primetime" were cancelled, producers from those shows were offered employment in other units of the company, including FOX BUSINESS NETWORK'S assignment desk. Lateral moves were common for younger producers.

In June 2020, FOX hired a young, male field producer for the New York bureau.

Days before Plaintiff was fired, the male producer in Chicago quit. Plaintiff had filled in for him on numerous occasions and worked closely with Chicago correspondents covering stories in Chicago and Detroit. Instead of transferring Plaintiff to this newly opened position, Plaintiff was let go. The position was filled in 2020 with another young, male producer.

In March 2021, a male FOX field producer with five (5) years experience was promoted to Senior Field Producer. Plaintiff had thirteen (13) years similar experience when she was fired.

Since her termination by Defendant, Plaintiff has not found comparable employable work.

**B.     Defendant's Statement**

Defendant generally denies the allegations plead in Plaintiff's First Amended Complaint and in Plaintiff's Statement of the Case. Plaintiff was employed by Defendant as a Field Producer for Fox Business Network ("FBN") at Defendant's Los Angeles news bureau. As a field producer, Plaintiff was responsible for supporting FBN's Los Angeles-based reporters by pitching and developing original news stories on which they could report. In 2020, FBN did not have any reporters based in Los Angeles, making Plaintiff's position unnecessary. Although Plaintiff occasionally helped reporters located in Defendant's Chicago and New York's bureaus (such as when the local field producer would be on vacation or if the other

bureaus had extra stories), she did not have her own designated reporter with which she worked.

In September 2020, Defendant implemented a reduction-in-force ("RIF") to streamline the business and operate in a more efficient manner. Approximately seventy positions were eliminated during the RIF, including Plaintiff's Los Angeles FBN field producer position. Plaintiff's position was selected for elimination because FBN did not have a reporter in Los Angeles for over a year, leading Defendant to determine, in good faith, that Plaintiff's position was unessential to the operation of its business. On or about September 16, 2020, Plaintiff was informed of her separation and was offered a generous severance package. Defendant had a legitimate, non-discriminatory business reason for laying off Plaintiff and did not discriminate against Plaintiff because of her gender or age.

Shortly after Plaintiff's separation, an FBN field producer position became available at Defendant's Chicago news bureau, but Plaintiff never applied to the position. In or around September 2021, approximately one year after the RIF, Defendant hired an FBN reporter based in Los Angeles, after which Defendant decided to hire an FBN field producer in Los Angeles as well. As a result, Defendant reached out to Plaintiff and asked if she would be interested in applying for the role. Plaintiff did not apply for the position. Defendant, therefore, asserts that Plaintiff's purported damages are limited by Plaintiff's failure to mitigate her damages.

## II.   SUBJECT MATTER JURISDICTION

On September 9, 2021, Plaintiff filed the civil complaint in this case in the Los Angeles Superior Court. On January 31, 2022, Defendant removed this civil action to the United States District Court for the Central District of California based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Parties agree that jurisdiction and venue are proper.

## III. LEGAL ISSUES

**A. Plaintiff's Position:** This action arises out of Plaintiff's employment with Defendant from 1998 to her termination on September 16, 2020. Plaintiff avers that Defendant allegedly discriminated against her based on her age and gender and terminated her.

As the Parties engage in discovery, additional issues may become apparent.

**B. Defendant's Position:** The principal legal issues are: (1) whether Plaintiff was discriminated against by Defendant because of her age and/or gender; (2) whether Plaintiff was wrongfully terminated in violation of public policy; (3) whether Plaintiff has been damaged by Defendant's purported conduct; and (4) whether Plaintiff mitigated her damages.

## IV. PARTIES, WITNESSES, AND KEY DOCUMENTS

**Plaintiff's Position:**

**A. List of Parties**

1. Plaintiff Elka Worner;
2. Defendant Fox News Network, LLC.

**B. List of Percipient Witnesses**

1. Plaintiff Elka Worner;
2. Lauren Petterson, President, Fox Business Network;
3. Nicolle Campa, VP of Human Resources, News Bureaus;
4. Ralph Giordano, VP of News Coverage at Fox Business Network;
5. Howard Lieberman, Senior Assignment Editor at Fox Business Network
6. Robert (Bob) Hoenig, Senior Assignment Editor at Fox Business Network;
7. Jeff Flock, Fox Business Network Reporter based in Chicago;

8. Ellie Heckman, Fox Business Network Field Producer based in Chicago;
9. Liza Aristizabal, Producer Entertainment, Los Angeles Bureau;
10. Robert Coleman, Senior Editor, Los Angeles Bureau;
11. Lance Laralin, ENG Field Photographer, Los Angeles Bureau;
12. Denise Collins;
13. Melissa Francis, Co-host, Fox News Channel;
14. Gretchen Carlson, Anchor.

**C. Key Evidence**

1. Plaintiff's personnel files and personnel records;
2. Human Resources records;
3. Fox's Employee Handbook;
4. Fox's Policy Manuals;
5. Work-related written communications;
6. Written communications and documents relevant to the termination of Plaintiff's employment; and
7. Documents relating to Plaintiff's attempts to obtain subsequent employment.

**Defendant's Position:**

**A. Parties**

Defendant does not intend to add any parties to this action. For conflict purposes, Fox Corporation is a publicly held corporation and indirectly owns 100% of Defendant. No other publicly held corporation owns 10% or more of the equity of Fox Corporation.

**B. Potential Witnesses**

1. Elka Worner
2. Lauren Petterson
3. Ralph Giordano

        4.       Nicolle Campa

        5.       Denise Collins

### C. Key Evidence

Defendant believes that the following categories of documents, data compilations or tangible things may be used to support its defenses:

1. Documents relating to Plaintiff's employment (such as Plaintiff's personnel file);

2. Documents relating to Plaintiff's termination from Defendant;

3. Documents reflecting Plaintiff's opportunity to reapply to Defendant during the Fall of 2021;

4. Communications between Plaintiff and representatives of Defendant;

5. Plaintiff's medical records,

6. Documents demonstrating Plaintiff's mitigation efforts, if any, and

7. Documents obtained in discovery and/or disclosed by Plaintiff, and on expert testimony and materials prepared by experts.

## V. DAMAGES

**A. Plaintiff's Position:** At the time of her termination Plaintiff was earning approximately $100,812 per year in addition to benefits, and bonus income. Since her termination by Defendants, Plaintiff has not found comparable employable work. Plaintiff remains unemployed.

Plaintiff will retain an expert economist to calculate Plaintiff's damages.

**B. Defendant's Position:** Defendant believes Plaintiff has not been damaged by any of its purported actions or omissions. Defendant further asserts that Plaintiff has failed to mitigate her damages. In addition, punitive and non-economic damages are not appropriate in the instant action.

## VI. INSURANCE

The parties are unaware of any insurance that provides coverage for this action.

## VII. MOTIONS TO ADD PARTIES, AMEND PLEADINGS, ETC.

The parties do not anticipate motions to add other parties or claims or to transfer venue at this point. The parties anticipate they may have discovery disputes that require discovery motion practice.

## VIII. MANUAL FOR COMPLEX LITIGATION

The Parties do not believe there are issues that would necessitate the use of the manual for complex litigation.

## IX. STATUS OF DISCOVERY

A. **Plaintiff's Position:** Plaintiff served discovery on Defendant in the state case but withdrew it based on Defendants' removal of the case to federal court. Plaintiff will re-serve discovery on Defendant after the Scheduling Conference.

B. **Defendant's Position:** The parties exchanged their initial disclosures on April 29, 2022 as scheduled by this Court's Scheduling Order. The parties anticipate a stipulated protective order relating to discovery materials which the parties are in the process of preparing for submission to the Magistrate Judge.

## X. DISCOVERY PLAN: F.R.C.P. 26(f)(3)

The Parties exchanged their Initial Disclosures on April 29, 2022, by email service. The Parties agree that discovery should not be conducted in phases or limited to or focused on particular issues and should proceed in accordance with the Federal Rules of Civil Procedure.

The Parties do not anticipate this action will involve significant electronic discovery issues. However, the Parties have both agreed to preserve any relevant electronically-stored information.

Counsel for the Parties agree to minimize the risk of waiver of privilege or work-product protection and agree to meet and confer in order establish procedures

for asserting privilege claims after production, as well as to discuss whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.

      **A.**    **Plaintiff's Position:**  Plaintiff intends to conduct discovery concerning the claims she asserts in her complaint, by taking a 30(b)(6) deposition, taking the deposition of third-party witness(es), and serving written discovery.

      **B.**    **Defendants' Position**:  Defendant's anticipated methods of discovery include: (1) written discovery in the form of Interrogatories, Requests for Admission, and Requests for Production of Documents; (2) oral depositions of Plaintiff and any other relevant witnesses; and (3) written discovery via issuance of subpoenas to third parties.  The parties' proposals regarding the timing of discovery are set forth in the worksheet and below.

## XI. DISCOVERY CUT-OFF

Plaintiff proposes December 12, 2022 as the percipient discovery cut-off.

Defendant proposes December 19, 2022 as the percipient discovery cut-off.

## XII. EXPERT DISCOVERY

Plaintiff proposes November 28, 2022 for the initial expert witness disclosures, December 27, 2022 for the rebuttal expert disclosures, and January 9, 2023 as the expert discovery cutoff under Rule 26(a)(2).

Defendant proposes December 12, 2022 for the initial expert witness disclosures, January 9, 2023 for the rebuttal expert disclosures, and January 23, 2023 as the expert discovery cutoff under Rule 26(a)(2).

## XIII. DISPOSITIVE MOTIONS

Defendant anticipates filing a motion for summary judgment, or in the alternative, summary adjudication, on Plaintiff's claims against Defendant.  Plaintiff requests that its opposition be due 14 days from the date of the hearing of any dispositive motion and Defendant's reply be due 7 days from the date of the hearing of any dispositive motion.

XIV. **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

Defendant has served a Rule 68 offer, to which Plaintiff never responded.

A. **Plaintiff's Position**: Pursuant to Local Rule 16-15.1, the Plaintiff's preference would be to engage in Settlement Procedure No. 3, as set forth in Local Rule 16-15.4.

B. **Defendant's Position:** Defendant is agreeable to private mediation with the parties splitting costs.

XV. **TRIAL ESTIMATE**

Plaintiff estimates that the trial will take approximately eight (8) days. Defendant estimates that the trial will take approximately five (5) to seven (7) days.

These estimates are subject to change because the parties are still at the early stages of discovery.

XVI. **TRIAL COUNSEL**

Trial counsel for Plaintiff shall be Victor L. George and Meylin P. Alfaro.

Trial counsel for Defendant shall be Seth E. Pierce, and Louise Truong.

XVII. **INDEPENDENT EXPERT OR MASTER**

The Parties do not believe that there are any issues that would necessitate the use of an independent expert or master.

XVIII. **TIMETABLE**

As the Parties do not agree on a proposed schedule, they have set forth their proposed dates in the Schedule of Trial and Pretrial Dates which is attached hereto as **Exhibit A**.

///
///
///
///
///

# XIX. OTHER ISSUES

The Parties do not believe that this case presents any unusual legal issues.

Dated:  May 2, 2022			LAW OFFICES OF VICTOR L. GEORGE

					*/s/ Meylin P. Alfaro*
					By: _____
					VICTOR L. GEORGE
					MEYLIN P. ALFARO
					Attorneys for Plaintiff
					ELKA WORNER

Dated:  May 2, 2022			MITCHELL SILBERBERG & KNUPP LLP

					*/s/ Louise Truong*
					By:_____
					SETH E. PIERCE
					LOUISE TRUONG
					Attorneys for Defendant
					FOX NEWS NETWORK, LLC